UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY ANDERSON,

    Plaintiff,

v.                                        Case No.: 2:20-cv-774-FtM-38MRM

AIG PROPERTY CASUALTY
COMPANY,

    Defendant.
_____/

**ORDER**[1]

Before the Court is Defendant AIG Property Casualty Company's Motion to Dismiss (Doc. 6). Plaintiff Nancy Anderson did not timely respond. The Motion is granted in part.

This is a hurricane insurance dispute. Anderson alleges she is the named insured on an insurance policy for a home (the "House"). And after a covered loss, AIG did not pay out. This Motion does not challenge the merits. Rather, AIG contends the case must be dismissed for failure to join an indispensable party because Anderson does not own the house. Pointing to extrinsic evidence, AIG says the homeowner is "Nancy J. Hamming-Anderson Trust" (the "Trust").

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

To start, the Court tackles whether to take notice of extrinsic documents. On a motion to dismiss, a court is usually limited to a complaint's four corners unless it first makes a summary judgment conversion. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). "A district court may, however, take judicial notice of certain facts—including public records—without converting a motion to dismiss." *DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 433 (11th Cir. 2019). The Rules of Evidence allow judicial notice of facts "not subject to reasonable dispute because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For facts meeting either requirement, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *Eiras v. Florida*, 239 F. Supp. 3d 1331, 1341 (M.D. Fla. 2017).

AIG asks the Court to take judicial notice of three public records (a trustee's deed, county property appraisal records, and county tax collector records). (Docs. 6-1; 6-2; 6-3). These records show the Trust owns the House. AIG provides the documents, and they are Collier County records "whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2). So the Court takes judicial notice of them.

Dismissal by Rule 12(b)(7) for failing to join an indispensable party under Rule 19 has two steps. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003). First, a court decides if the missing party is required under Rule 19(a). *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1344

2

(11th Cir. 2011). A party is necessary if "(1) the court cannot afford complete relief among the existing parties; (2) prejudice would result to the absent party's ability to protect itself in the instant action; or (3) the nonparty's absence would create a substantial risk that the existing parties would incur inconsistent or duplicative obligations." *It's a New 10, LLC v. Harris*, No. 18-CV-62741-DPG-GAYLES/SELTZER, 2019 WL 451205, at *2 (S.D. Fla. Feb. 5, 2019). When a required party may be feasibly joined, the court must order it. *Moreiras v. Scottsdale Ins.*, No. 20-cv-21303-BLOOM/Louis, 2020 WL 2084851, at *1 (S.D. Fla. Apr. 30, 2020). If, however, a required party cannot be joined feasibly, then the inquiry proceeds to the second step. *Id.* at *2. At that stage, decide "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Here, the Court concludes the Trust is a necessary party who should be joined if feasible. The Trust owns the House, so it certainly has an interest in this case. *See Rodriguez v. GeoVera Specialty Ins.*, No. 1:18-cv-23585-UU, 2018 WL 10435015, at *2 (S.D. Fla. Sept. 25, 2018). What is more, as AIG argues, it risks facing multiple lawsuits with inconsistent judgments without joinder because the Trust could sue AIG for the same damage to the same property based on the same alleged breach. *See Leon v. Integon Nat'l Ins.*, No. 2:18-cv-673-FtM-38CM, 2018 WL 8244494, at *2 (M.D. Fla. Oct. 30, 2018) (holding a homeowner has an insurable interest and thus possibly standing as a third-party beneficiary under an insurance policy). So Rule 19(a) requires the Trust as a party if feasible.

Yet AIG has not addressed whether joining the Trust is feasible. And Anderson never responded. The Court, therefore, cannot say dismissal is proper. *Rodriguez*, 2018 WL 10435015, at *2; *Senalle v. GeoVera Specialty Ins.*, No. 20-23211-Civ-Scola, 2020 WL 5574188, at *4 (S.D. Fla. Sept. 17, 2020). Instead of dismissing, the Court orders Anderson to join the Trust as a party. *E.g.*, *Moreiras*, 2020 WL 2084851, at *3. Anderson must join the Trust in an appropriate manner. *See* Fed. R. Civ. P. 17(a)-(b).

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Join an Indispensable Party (Doc. 6) is **GRANTED in part**.

(2) Plaintiff must **JOIN** the Nancy J. Hamming-Anderson Trust in an appropriate manner and **FILE** an amended complaint **on or before November 11, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record